UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE OMAR WOGOMAN,

    Petitioner,                                       Case No. 5:99-cv-35

v                                                        Hon. Wendell A. Miles

JOSEPH ABRAMAJTYS,

    Respondent.

_____/

ORDER ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

On January 10, 2000, United States Magistrate Judge Doyle A. Rowland issued a Report and Recommendation ("R & R") recommending that the petition for writ of habeas corpus filed in this matter be denied as time-barred. The petitioner, Donnie Omar Wogoman, filed timely objections to the R & R. On June 27, 2000, the court entered its Judgment, holding that the R & R properly concluded that the petition was barred as untimely by 28 U.S.C. § 2244's limitations period, in accordance with the holding in <u>Austin v. Mitchell</u>, 200 F.3d 391 (6th Cir. 1999), <u>cert</u>. <u>denied</u>, 530 U.S. 1210 (2000). Petitioner subsequently filed a motion for reconsideration, which the court denied in an order entered on September 1, 2000. The Sixth Circuit denied a certificate of appealability on January 31, 2001. Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on June 29, 2001. Petitioner filed a petition for rehearing, which was also denied.

The matter is currently before the court on petitioner's Motion for Relief from Judgment (docket no. 50). For the reasons to follow, the court DENIES the motion.

**Discussion**

On August 19, 2004, approximately three years after the judgment in this case became final, the Sixth Circuit issued an *en banc* decision in Cowherd v. Million, 380 F.3d 909 (6th Cir. 2004), unanimously overruling the earlier decision in Austin v. Mitchell. In his current motion and supporting brief, which he filed approximately one month after the decision in Cowherd was issued, petitioner invokes Fed.R.Civ.P. 60(b)(5) and (6) in support of his request for relief from the final judgment dismissing his petition as time-barred.[1]

Rules 60(b)(5) and (b)(6) provide, in relevant part, that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Petitioner's reliance on Rule 60(b)(5) in support of his motion is misplaced. By its express terms, this subsection applies only where a "prior judgment" on which a judgment is based "has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Petitioner has not shown that Austin v. Mitchell has been "reversed or otherwise vacated." He has shown only that the case has been overruled.

---

[1] In reviewing petitioner's motion, the court has considered his motion, supporting brief, and Supplemental Memorandum in Support of Motion for Relief from Judgment (docket no. 52). The court has not considered a December 13, 2004 letter from attorney N.C. Deday LaRene (docket no. 51) submitted on behalf of petitioner. Mr. LaRene has advised the court that he has counseled the petitioner, signed pleadings in this case, and communicated with the court in writing while suspended from practice in the bar of this court. Although the motion, supporting brief, and "Supplemental Memorandum" were also signed by Mr. LaRene and submitted to this court in violation of W.D. Mich. LCivR 83.1(i)(*i*), the court has considered these submissions, which were co-signed by an attorney who is a member in good standing of the bar of this court.

Moreover, the last clause of Rule 60(b)(5) applies only to judgments having "prospective application." Agostini v. Felton, 521 U.S. 203, 117 S.Ct. 1997, 2018 (1997); Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990). Such a situation not presented here, where the judgment neither includes injunctive relief nor places a party under continuing obligation, and the court did not retain jurisdiction.

The only other subsection of Rule 60(b) invoked by petitioner is 60(b)(6), which applies only where a motion for relief is not premised on one of the other grounds enumerated in clauses (b)(1) through (b)(5) of the rule. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 2204 (1988). Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" Gonzalez v. Crosby, 125 S.Ct. 2641, 2650 (2005). Petitioner argues that such circumstances are present here, where precedent followed by the court in reaching a final decision has been overruled.

"[N]ot every interpretation of federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." Id. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)[.]" Agostini, 117 S.Ct. at 2018. According to the decision in Gonzalez, a change in the law was "all the less extraordinary" in that case because the petitioner had not been diligent in pursuing review of the statute of limitations issue. 125 S.Ct. at 2651. Specifically, the petitioner had neither raised the issue in an application for certificate of appealability ("COA"), nor filed a petition for rehearing of the denial of his COA, nor sought certiorari review of that denial. Id. "This lack of diligence," noted the Supreme Court, confirmed that the change in the law "is not an extraordinary circumstance justifying relief from the judgment in petitioner's case." Id.

3

In this case, petitioner argues that his situation contrasts with that in Gonzalez because he was diligent in seeking review of the dismissal of his petition, including and up to filing a petition for writ of certiorari in the United States Supreme Court. Moreover, he contends, the change in the law is more remarkable here because it resulted from the Sixth Circuit's overruling of its own precedent.

As petitioner himself has observed, however, Austin v. Mitchell was the law of the circuit for five and one-half years. Had that precedent been more quickly renounced, a different situation might perhaps be presented. As it stands, petitioner's situation is hardly extraordinary because it is one shared by any number of habeas petitioners who found their constitutional claims time-barred based upon application of Austin v. Mitchell during the time it was the law. Habeas is a collateral remedy, and petitioner has already had two opportunities to seek review of his conviction (both direct and collateral) in the State system. Under the circumstances of this case, the court concludes that the overruling of Austin v. Mitchell is not an extraordinary circumstance justifying relief from the operation of the judgment in this case.

The court denies the motion for relief from judgment.

So ordered this 16th day of August, 2005.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge