UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE OMAR WOGOMAN,

        Petitioner,                            Case No. 5:99-cv-35

v.                                              Hon. Wendell A. Miles

JOSEPH ABRAMAJTYS,

        Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's <u>Motion for Certificate of Appealability</u>. (Dkt. #57). As discussed below, Petitioner's motion is **denied**.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El v. Cockrell*, 123 S.Ct. 1029, 1040 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'"  *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

On January 10, 2000, Magistrate Judge Doyle A. Rowland issued a Report and Recommendation (R & R) recommending that Wogoman's petition for writ of habeas corpus be denied as time-barred.  (Dkt. #37).  The Court subsequently adopted the R & R.  (Dkt. #39).  Petitioner later filed a motion for reconsideration which was denied.  (Dkt. #40-41).  Petitioner appealed this matter to the Sixth Circuit Court of Appeals.  (Dkt. #42).  Petitioner's request for a certificate of appealability was denied and his appeal subsequently dismissed on January 31, 2001.  (Dkt. #44).  On September 20, 2004, Petitioner filed a motion for relief from judgment.  (Dkt. #50).  The Court denied Petitioner's motion as it was without merit.  (Dkt. #55).  Petitioner now seeks to appeal this decision to the Sixth Circuit Court of Appeals and requests a certificate of appealability.

As the Court previously determined in denying Petitioner's previous request for a certificate of appealability, "reasonable jurists could not debate that this court correctly dismissed petitioner's claims on the procedural grounds of 28 U.S.C. § 2244's limitation period."  Accordingly, the Court concludes that Petitioner is not entitled to issuance of a certificate of appealability.  Petitioner has not made a showing, substantial or otherwise, that he has been denied a constitutional right.  The Court can discern no good faith basis for appeal; consequently, any appeal would be frivolous.  Therefore, **IT IS ORDERED** Petitioner is **DENIED** a certificate of appealability.

DATED:  November 15, 2005                              /s/ Wendell A. Miles
                                                                            Wendell A. Miles
                                                                            United States District Judge